698 F.2d 964
 1 Soc.Sec.Rep.Ser. 133
 WASHINGTON STATE HEALTH FACILITIES ASSOCIATION, a Washington
corporation; Ulysses and Virginia Rowell, Jr., a marital
community; Philip and Beverly Gayton, a marital community;
Triple C Convalescent Centers, a partnership; and Andrew
Branch, Plaintiffs-Appellees,
v.
STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH
SERVICES, and Gerald Thompson, Secretary,
Washington State Department of Health
Services, Defendants-Appellants.
 No. CA 81-3281.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 6, 1982.
Decided Nov. 9, 1982.
 
 Charles F. Murphy, Olympia, Wash., for defendants-appellants.
 Stephen B. Johnson, Garvey, Schubert, Adams & Barer, Seattle, Wash., for plaintiffs-appellees.
 Appeal from the United States District Court for the Western District of Washington.
 Before WRIGHT, TANG and CANBY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Secretary of Washington State Department of Social and Health Services (DSHS) appeals from an order of the district court enjoining the Secretary from enforcing a state regulation that conflicts with the federally approved Washington State Medicaid Plan, until such time as HEW[1] approves an amendment to the state plan. The state regulation at issue deviates from the official state plan by altering the method of reimbursing nursing care facilities that accept Medicaid patients. We affirm the order granting the injunction and remand the case to the district court for any necessary further proceedings.[2]
 
 
 2
 A state that chooses to participate in Medicaid under the joint federal-state program authorized by Title XIX of the Social Security Act, 42 U.S.C. Sec. 1396 et seq., must submit a plan to the Secretary of HEW setting forth in detail the manner in which it will fulfill the federal conditions established by the Act and the regulations issued under it. The statute requires the state to set forth in its plan the proposed method for reimbursing nursing care facilities. 42 U.S.C. Sec. 1396a(a)(13)(E).[3] Moreover, the receipt of federal funds is expressly conditioned on HEW approval of the state plan. 42 U.S.C. Sec. 1396. We previously have held that proper HEW evaluation and approval is a prerequisite to enforcement of a state Medicaid plan. California Hospital Association v. Obledo, 602 F.2d 1357, 1361-63 (9th Cir.1979). In addition, federal regulations specify the procedures a state must follow if it wishes to amend provisions of its federally approved plan. 45 C.F.R. Sec. 201.3 et seq. Accordingly, we find without merit appellants' contention that DSHS may enforce changes in its method of reimbursing nursing care facilities without receiving federal approval.[4] See Forbes Health Systems v. Harris, 661 F.2d 282, 286 (3d Cir.1981).
 
 
 3
 We also reject appellants' argument that res judicata or collateral estoppel precludes this action. The prior state court case, relied upon by appellants, concerned alleged substantive deficiencies in the state's Medicaid disbursement system. The case before us is based on an alleged federal procedure infirmity in the state's subsequent attempt to revise that system pursuant to the state court's judgment. The plaintiffs in the state court action could not have raised the federal defense at issue here.
 
 
 4
 We further find no Eleventh Amendment bar to the issuance of the injunction against the Secretary of DSHS. The order here is prospective in nature and any impact on the state treasury is a necessary condition of compliance with the decree. Edelman v. Jordan, 415 U.S. 651, 668, 94 S.Ct. 1347, 1358, 39 L.Ed.2d 662 (1974). The judgment is affirmed and the matter is remanded to the district court for further proceedings.
 
 
 
 [1]
 Now, Department of Health and Human Services
 
 
 [2]
 Further proceedings may include the effect of HEW's subsequent approval of a state amendment incorporating the regulation at issue here. Appellants filed a letter with this court suggesting that federal approval of the state's amendment rendered the appeal moot. The state subsequently took the position that the case was not rendered moot by approval of the amendment. The nature of the amendment and its effect upon this litigation remain unclear, however. Because the parties have not had an opportunity to brief the issues involved or to develop facts sufficient for us to make a definitive ruling, we believe these questions may be more properly addressed by the district court
 
 
 [3]
 Now, 42 U.S.C. Sec. 1396a(a)(13)(A). Furthermore, a federal regulation in effect at the time DSHS promulgated the regulation at issue here provided that the state must pay amounts determined for long-term care facility services according to the methods and standards set forth in the state plan. 42 C.F.R. Sec. 447.311 (1979)
 
 
 [4]
 Although plaintiffs below did not plead a federal cause of action under 42 U.S.C. Sec. 1983, it is clear that they are properly in federal court under this provision. Maine v. Thiboutot, 448 U.S. 1, 6-8 & n. 6, 100 S.Ct. 2502, 2505-2506 & n. 6, 65 L.Ed.2d 555 (1980); See Tongol v. Usery, 601 F.2d 1091, 1099-1100 (9th Cir.1979); Cf. Edgewater Nursing Center, Inc. v. Miller, 678 F.2d 716 (7th Cir.1982). Although neither the parties nor the district court specified the statutory predicate for this action, we are free to affirm a correct decision on any basis supported by the record. Safeco Ins. Co. v. Guyton, 692 F.2d 551, 557 (9th Cir.1982); United States v. Washington, 641 F.2d 1368, 1371 (9th Cir.), cert. denied, 454 U.S. 1143, 102 S.Ct. 1001, 71 L.Ed.2d 294 (1982); see also Aguirre v. Automotive Teamsters, 633 F.2d 168, 174 (9th Cir.1980) (if facts giving court jurisdiction are set forth in complaint, provision conferring jurisdiction need not be specifically pleaded). The Supreme Court's recent ruling in Jackson Transit Authority v. Local Division 1285, AFL-CIO-CLC, --- U.S. ----, 102 S.Ct. 2202, 72 L.Ed.2d 639 (1982) does not alter our result. Contrary to the statutory scheme in Jackson, the Social Security Act and its history evince no legislative intent that disputes over changes of reimbursement methods between Medicaid providers and states be governed solely by state law