COOS BAY CARE CENTER, an Oregon corporation; Hannah Schwanke, Guardian Ad Litem for David and Steven Schwanke, et al., Plaintiffs-Appellants,

v.

STATE OF OREGON, DEPARTMENT OF HUMAN RESOURCES; Richard C. Ladd, Defendants-Appellees.

No. 85–4049.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 4, 1986.

Decided Nov. 3, 1986.

Donald W. Lojek, Lojek & Hall, Boise, Idaho, for plaintiffs-appellants.

Philip Schradle, Asst. Atty. Gen., James E. Mountain, Jr., Dept. of Justice, Salem, Or., for defendants-appellees.

Before WRIGHT, GOODWIN, and NELSON, Circuit Judges.

GOODWIN, Circuit Judge:

A long-term health-care facility and several of its patients sued state defendants complaining that the state was violating both state laws and Title XIX of the Social Security Act, 42 U.S.C. §§ 1396–1396q (1982 & Supp. III 1985). The Senior Services Division of the State of Oregon withheld from plaintiffs certain "heavy-care" Medicaid payments and reimbursements. The district court dismissed the action for failure to state a claim. Fed.R.Civ.P. 12(b)(6). Because a cognizable claim for statutory entitlement has been stated under 42 U.S.C. § 1983, we reverse and remand for further proceedings consistent with this opinion.

The Supreme Court has held that 42 U.S.C. § 1983 can provide a cause of action in federal court for the denial of rights created by a federal statute. *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S.Ct. 2502, 2504, 65 L.Ed.2d 555 (1980). *Thiboutot* has been narrowed as applied to some federal statutes, *see Middlesex County Sewerage Auth. National Sea Clammers Ass'n*, 453 U.S. 1, 19, 101 S.Ct. 2615, 2625, 69 L.Ed.2d 435 (1981); *Pennhurst State School & Hosp. v. Halderman*, 451 U.S. 1, 28, 101 S.Ct. 1531, 1545, 67 L.Ed.2d 694 (1981). However, *Thiboutot* still governs actions brought to compel participating states to comply with the provisions of the Social Security Act. Specifically, in this and other circuits, actions which properly allege violations of 42 U.S.C. § 1396a(a)(13)(A) are entitled to consideration on the merits. *Nebraska Health Care Ass'n v. Dunning*, 778 F.2d 1291, 1295–96 (8th Cir.1985);

*Washington State Health Facilities Ass'n v. State of Washington Dep't of Social & Health Servs.*, 698 F.2d 964, 965 and n. 4 (9th Cir.1982); *Yapalater v. Bates*, 494 F.Supp. 1349, 1357–58 (S.D.N.Y.1980), *aff'd*, 644 F.2d 131 (2d Cir.1981), *cert. denied*, 455 U.S. 908, 102 S.Ct. 1255, 71 L.Ed.2d 447 (1982); *Thomas v. Johnston*, 557 F.Supp. 879, 902–04 (W.D.Tex.1983).

■ The district court relied primarily on *Pennhurst* to dismiss plaintiffs' action. It concluded that because the language of 42 U.S.C. § 1396a(a)(13)(A) is directed mainly to allocating Medicaid program funding obligations among state and federal sources, the statute did not create rights in favor of plaintiffs that are enforceable under § 1983. We disagree. *Thiboutot* rather than *Pennhurst* governs this case, and it was not necessary to engage in a *Pennhurst* analysis. Even if *Pennhurst* properly applies here, these plaintiffs can enforce 42 U.S.C. § 1396a(a)(13)(A).

*Pennhurst* established two exceptions limiting the effect of *Thiboutot* on cases involving the enforcement of federal statutory rights. Access to a § 1983 remedy should be denied if (1) the language of the statute indicates a congressional intent to foreclose § 1983 enforcement by making alternative remedies available, or (2) the statute does not create "rights" enforceable by private parties under § 1983. *Almond Hill School v. United States Dep't of Agric.*, 768 F.2d 1030, 1035 (9th Cir. 1985); *Keaukaha-Panaewa Community Ass'n v. Hawaiian Homes Comm'n*, 739 F.2d 1467, 1470–71 (9th Cir.1984); *Boatowners & Tenants Ass'n v. Port of Seattle*, 716 F.2d 669, 671 (9th Cir.1983).

■ With respect to the first exception, the focus should be on the "comprehensiveness" of a statute's remedial scheme. Specific and detailed procedures for administrative and judicial review are more likely to foreclose or preclude recourse to § 1983. *See Almond Hill School*, 768 F.2d at 1035. Here, Title XIX permits states to establish administrative review procedures for disputes over Medicaid reimbursements. However, the statute does not provide for formal federal or state judicial or federal administrative review procedures. Indeed, in some cases, judicial review of such matters has been achieved only by permitting an "implied" right of action to be drawn out of the language of the statute itself. *See California Hosp. Ass'n v. Schweiker*, 559 F.Supp. 110 (C.D.Cal.1982), *aff'd*, 705 F.2d 466 (9th Cir.1983) (42 U.S.C. § 1396a(a)); *California Hospital Ass'n v. Obledo*, 602 F.2d 1357 (9th Cir.1979) (42 U.S.C. § 1396a(a)(13)(A)).[1]

■ Although state violations of Title XIX may be remedied by means of the cut off of federal funding for a state's programs, this generalized remedial opportunity is not sufficiently precise to preclude remedies otherwise properly available under § 1983. *See Keaukaha-Panaewa*, 739 F.2d at 1471.[2] We conclude that the first *Pennhurst* exception should not bar this action.

The second *Pennhurst* exception examines the character of the "right" created by a federal statute. In *Boatowners*, we indicated that a useful method to determine whether a statutory "right" is sufficiently important for § 1983 enforcement is to borrow from the "implied" right of action line of authority. *Boatowners*, 716 F.2d at 672. In essence, we examine whether a statute meets the first of the four elements required by *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), for recourse to

---

**1.** It is not a bar to a § 1983 action that a private right of action cannot be "implied" from the federal statute itself. *Keaukaha-Panaewa*, 739 F.2d at 1470. Rather, an independent § 1983 inquiry is required because "'there could well be federal rights enforceable under section 1983 which are not enforceable by means of a private right of action under the statute creating them.'" *Id.* (quoting *Boatowners*, 716 F.2d at 674).

**2.** We decline to review the state administrative procedures and contractual remedies assertedly available to plaintiffs under Oregon law. In a § 1983 *Pennhurst* analysis, we are bound to consider only those remedial procedures established by the federal statute in issue. Complementary state procedures and remedies are not relevant.

private enforcement under an "implied" right of action theory. *Boatowners,* 716 F.2d at 672. The first *Cort* element considers whether a statute was enacted for the special benefit of a plaintiff or a plaintiff class. Borrowing from *Cort,* this circuit has stated that if a plaintiff is one of a class for whose special benefit a statute was enacted, and if Congress has not expressly proscribed private actions to enforce the benefit, the entitlement will support a plaintiff's § 1983 action. *Keauk-aha-Panaewa,* 739 F.2d at 1471; *Boatowners,* 716 F.2d at 673, 672–73 (citing *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975)); *Fisher v. City of Tucson,* 663 F.2d 861, 863 (9th Cir.1981), *cert. denied,* 459 U.S. 881, 103 S.Ct. 178, 74 L.Ed.2d 146 (1982).

Plaintiffs in this action are a private health-care facility and individual Medicaid patients residing in the facility. Patients confined by illness, disability, or age to a long-term health-care facility are intended beneficiaries of the Medicaid statutes in general and 42 U.S.C. § 1396a(a)(13)(A) in particular. Private health-care providers caring for Medicaid patients, such as Coos Bay Care Center, also have a direct financial interest in the availability of Medicaid reimbursement. In several similar cases, courts have permitted providers to bring actions to enforce the Medicaid statutes. *California Hosp. Ass'n v. Obledo,* 602 F.2d 1357 (9th Cir.1979); *Massachusetts Gen. Hosp. v. Weiner,* 569 F.2d 1156 (1st Cir. 1978); *California Ass'n of Bioanalysts v. Rank,* 577 F.Supp. 1342, 1347 n. 6 (C.D.Cal. 1983). These cases have recognized that Medicaid patients and health-care providers have parallel interests with respect to Medicaid funding and reimbursement. No reason has been advanced to justify the denial of a health-care provider's right to stand as co-plaintiff with individual Medicaid recipients in this action.

We do not suggest that plaintiffs in this action necessarily will prevail on the merits of their claim. We do not reach the merits. Rather, we hold simply that statutory rights under Title XIX of the Social Security Act have been alleged in the complaint which are sufficient to state a claim under 42 U.S.C. § 1983. To prevail on the merits, plaintiffs must convince the trial court that the actions and non-action of the State of Oregon violate the standard set out in 42 U.S.C. § 1396a(a)(13)(A). We do not reach the other issues raised in this appeal.

Reversed and remanded.